IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES WAYNE BUCKALOO,         )
                                )
            Petitioner,          )
                                )
vs.                              )    Case No. CIV-07-218-FHS
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the U.S. Penitentiary in Florence, CO. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma Case No. CR-92-38-FHS is unlawful. For the reasons discussed herein, this Court finds Defendant's § 2255 motion shall be dismissed with prejudice as barred by the statute of limitations.

*Background*

The Court reviewed the trial court docket sheet associated with Case No. CR-92-38-FHS. The records reflect Petitioner was indicted on two counts of violating federal firearms laws on August 14, 1992. At a jury trial, Petitioner was found guilty and on May 11, 1993, this Court sentenced Petitioner to concurrent prison terms of 262 months on Count One and 33 months on Count Two. Petitioner perfected an appeal and his conviction was affirmed

in an unpublished opinion on March 25, 1994. *United States v. Buckaloo*, 19 F.3d 1443 (10th Cir. 1994), *cert. den.* 513 U.S. 880, 115 S.Ct. 213, 130 L.Ed.2d 142 (1994).

On June 22, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court, District of Colorado. By order dated July 12, 2007, the case was transferred to this Court.

Additionally, attached as page 5 of Petitioner's Motion, is a document entitled "Affidavit of Bias" which this Court construes as a Motion to Disqualify the undersigned judge from reviewing the Petitioner's Motion to Vacate. Based on the conclusory allegations contained within this affidavit, which were never raised in Petitioner's direct appeal, this Court hereby denies said Motion to Disqualify.

*Analysis*

Upon review of the record for this case, the Court finds Defendant's § 2255 motion was not filed before expiration of the one-year limitations period. Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, § 2255 contained no statute of limitations. The AEDPA amended 28 U.S.C. § 2255 by adding a time-limit provision. Specifically, 28 U.S.C. § 2255 now provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

2

>   United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final. The Supreme Court has held that the AEDPA applies to all habeas petitions filed after the enactment of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). When, as here, a petitioner's conviction became final before the enactment of the AEDPA, the time limit runs from April 24, 1996, the date of enactment of the AEDPA. Thus, Petitioner had until April 24, 1997, to file his petition.

Petitioner's motion was received on June 22, 2007, or more than ten (10) years beyond the deadline. Petitioner has not presented any justification for his constituting "extraordinary circumstances" warranting equitable tolling. See *United States v. Willis*, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead

with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller*, 141 F.3d at 978.

Although Petitioner states he "has been suffering from hypo-thyroidism and manic depression that affected his memory and ability to fully comprehend what was done to him at his trial,"[1] Petitioner submits no medical records to establish he was so incapable of rational thought that he could not take the steps necessary to file this action. *See, Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). Based on the pleadings herein, this Court finds Petitioner has not provided a sufficient explanation for his lack of due diligence. As a result, the Court concludes that Defendant's § 2255 motion is untimely. Further, for the reasons stated herein, this Court denies Petitioner's Motion to Disqualify this Court from reviewing his § 2255 Motion. Accordingly, the Motion to Vacate (Dkt. No. 1) shall be dismissed with prejudice as barred by the statute of limitations.

It is so ordered on this 23rd day of August, 2007.

Frank H. Seay
United States District Judge

---

[1] Response to Order to Show Cause (Dkt. No. 7), at p. 2.